Dxinkin, Ch.
delivered the opinion of the Court.
The Act of 1791 prescribes the mode in which the real, as well as the personal estate, of an intestate, shall be disposed of. Among other things it is declared, that no child shall receive any share of the estate, who has been advanced by a portion or portions, equal to the share of the other chiidren, and if the advancement be not equal, he shall receive only so much as will produce equality. Provision is also made for partition of the estate, and power is vested in the Court to direct a sale of the entire real estate, if it cannot be advantageously divided. The only question is, whether the title of a purchaser at such a sale can be affected by a prior judgment against one of the children. It is quite manifest that, until partition made, it is impossible to determine whether the child will be entitled to any, or to what portion, of the estate. The right, whatever it be, is the creature of the Act of 1791, and must be held in subordination to the provisions of that law. If a sale for partition be ordered, the title of the purchaser is just as complete as if the land had been sold to *24 satisfy a debt of the intestate. To require the judgment or 0^6|. pen creditors of all the distributees to be made parties to a suit for the partition of the estate of an intestate, would introduce a novelty in the practice of the Court, and would encumber the proceedings with a delay and expense not calculated to promote the final settlement and adjustment of estates between the parties in interest, which is a leading object of the Act of 1791.
The Court is of opinion, that the cause shown by the purchaser was insufficient, and that the rule was properly made absolute, and the appeal is dismissed.
The whole Court concurred,

Rule made absolute.